EASTERN DIST.
January, 1840.

SMITH *vs.* BRADFORD ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST FELICIANA, JUDGE MORGAN PRESIDING.

SMITH
*vs.*
BRADFORD ET AL.

When the sheriff acts honestly, being a public officer, he must be protected against excessive and vindictive damages.

So, where the sheriff illegally removed slaves by seizure from the plantation they were cultivating, a bare remuneration for the loss sustained, so far as it can be ascertained, should be adopted as the measure of damages.

The damages for loss of time of slaves, by illegal seizure and removal, should be estimated at the usual rate of hiring slaves.

This suit commenced by injunction. The plaintiff alleges, his vendor, Charles M. Smith, purchased a plantation and eleven slaves from the defendant, M. Bradford, for seventeen thousand seven hundred and eighty dollars, on which he paid five thousand dollars in cash, and for the balance gave his notes, payable by instalments, with mortgage to secure payment.

He further shows, that Charles M. Smith has since sold and conveyed to him the plantation and slaves, and that he has been in the possession and enjoyment thereof, and whilst he was cultivating his crop in the month of May, 1838, Bradford, the original vendor, illegally took out an order of seizure and sale against the mortgaged property, without making the necessary legal demand on the original debtor, thirty days before coming on him, and not having pursued other formalities required by law; and the sheriff removed the slaves from the plantation, in violation of law, and the article 660, of the Code of Practice. Wherefore he prays for an injunction, staying the order of seizure and sale; and that the sheriff, Thomas J. Robbins, and M. Bradford, be enjoined from further proceedings under the order of seizure and sale, and condemned to pay damages for the illegal seizure and removal of his slaves, &c.

The defendants answered separately. Bradford pleaded a general denial, and justified the course pursued; and

averred, that he had been injured by the wrongful suing out of the injunction, which, he prayed, might be dissolved, with damages.

The sheriff, Robbins, denied, generally, any liability, and justified under the writ of seizure, in virtue of which he acted; and averred, that he removed the slaves, because he apprehended, if he left them, they would be taken from the plantation, and put out of his reach.

Upon these pleadings and issues the cause was tried.

The district judge, upon the evidence adduced, came to the following conclusion and judgment:

Having decided that the order of seizure and sale improvidently issued, the only questions remaining are, is the plaintiff entitled to any damages, and if so, to what amount? On the part of the sheriff it is contended, that he is not responsible, because he only acted as the agent of his co-defendant, and that he has not been put in delay. The first ground is not tenable. The sheriff, it may be true, is not responsible while acting within the sphere of his duty, but the moment he goes beyond that, and violates the law, or commits a trespass, he becomes individually liable for all the injury a party may sustain from his illegal acts. The general rule is, that when he levies upon personal property or slaves, he should put them in a place of safety, under the penalty of being responsible for the loss or injury, which they may sustain through his fault or neglect. *Code of Practice*, 659 : but the next article of the code makes an exception to this rule. Nevertheless, (says the art. 660) the sheriff cannot remove from the lands or plantations, the implements of agriculture, the cattle or slaves employed in cultivating or clearing them, but he may appoint a guardian or owner for their preservation. He may, also, make such disbursements as are necessary for their preservation. *Code of Practice*, 661.

The second ground is equally untenable. It is believed that there is no provision of the laws of this state, which requires that a party should be put in *mora*, before an action can be instituted against him for committing a trespass. But while the court are of opinion that he is responsible to

the plaintiff, in damages for his illegal act, there is nothing in the circumstances of this case which would render it pro- per to render a judgment for vindictive damages. As against him, the court cannot take into consideration the expense to which the plaintiff has been put, by being obliged to institute this suit. That expense will properly fall upon the defendant, Bradford.

Indeed, it would appear that the whole claim for damages might, with propriety, have been stricken from the petition; but the parties have thought proper to put them at issue, and the court is bound to pass upon the issue so joined. The testimony as to the damage resulting from the illegal removal of the slaves, and their detention, is, as might have been expected, somewhat variant. The court has adopted the estimate of De Lee and Nettles, and estimates the amount to be recovered from the defendant, Robbins, at five hundred and twenty-eight dollars.

The court has been urged upon the authority of the case of the Ursuline Nuns vs. Depassau, 7 Martin, N. S. 645, if it should come to the conclusion that the proceedings were defective, not to render a final judgment in the case, but only to set aside the seizure and permit the party plaintiff in suit to proceed therein according to law. Upon reference to that case, it will be perceived that it must have been conducted according to a mode of practice established by the rules of the court of the first district, and without regard to any rules as laid down in the Code of Practice. Where the courts are continually in session, it doubtless affords great facilities to parties to be enabled to correct irregularities by motion, and thus, among other advantages, obviate the necessity of giving bond and security to enable the party complaining to obtain an injunction. But no such rule has ever been adopted by this court, nor could it be, for the plain reason that the chances are as ten to two against the court being in session to enable the party to have his motion determined, and the motion could not suspend the proceeding under the seizure, unless predicated on some of the grounds set forth in article 739, Code of Practice, and, perhaps, not

CASES IN THE SUPREME COURT

even then, unless an injunction had been granted. It certainly would be a novelty in judicial proceedings to try a cause on its merits, pronounce a final judgment in favor of a defendant, and in the same decree allow the plaintiff to amend his pleading, and again put the defendant on his defence. Neither can the court lend its aid to the party to convert his proceedings *via executiva* into the *via ordinaria.* The party who obtained this injunction is a third possessor, and no other judgment could be rendered against him, but one dissolving the injunction with such damages as the justice of the case might require.

It is, therefore, ordered, adjudged and decreed, that the injunction granted in this case be rendered perpetual; and it is further ordered, adjudged and decreed, that the plaintiff recover of the defendant, Thomas J. Robbins, the sum of five hundred and twenty-eight dollars, and of M. Bradford five hundred dollars.

The defendants appealed.

*Andrews,* for the plaintiff.

*Lawson,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

The only question arising in this case, which has been argued in this court, and upon which we are called to pronounce, relates to the quantum of damages which the plaintiff is entitled to recover against the sheriff, for removing certain slaves from the plantation which they were engaged in cultivating, in violation of article 660, of the Code of Practice. It appears that eleven slaves were removed from the plantation during ten days, early in the month of May.

It is not pretended but that the sheriff acted honestly. Being a public officer, in the discharge of his duty, he is to be protected against excessive and vindictive damages. The judge of the district adopted a standard, by which damages in the case should be measured, which is not satisfactory to this court. We think the plaintiff entitled to nothing more

When the sheriff acts honestly, being a public officer, he must be protected against excessive and vindictive damages.

than a bare remuneration for the loss sustained, so far as it can be ascertained. The judge assumed, as the basis of his calculation, the theory of two of the witnesses, to wit: that the eleven hands would have made forty-four bales of cotton, and that the loss of time is equal to one fourth, say eleven bales, of four hundred pounds each, estimated at from twelve to thirteen cents per pound. This appears to us too complex for practical application in such cases as the one now before the court. It assumes, that every slave will make four bales of cotton, makes no allowances for sickness, loss of time in consequence of bad weather, and the expense of clothing ; and, in fact, considers the gross amount of sales of the crop as the net profit of the labor of the slaves, without considering the other expenses of cultivation. Nor did the court make any allowance for one Sunday, which must have intervened. Although the scraping season may be important, we are not satisfied that a delay of ten days, early in the month of May, necessarily involves a loss of one-fourth of the crop of the whole year. We consider the sheriff bound to make good the loss of time at the usual rates of hiring slaves. And from the best consideration we have been able to give the subject, little aided, indeed, by the testimony in the record, we conclude that the plaintiff is entitled to recover one hundred dollars damages.

So, where the sheriff illegally removed slaves, by seizure, from the plantation they were cultivating, a bare remuneration for the loss sustained, so far as it can be ascertained, should be adopted as the measure of damages.

The damages for loss of time of slaves, by illegal seizure and removal, should be estimated at the usual rate of hiring slaves.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; and proceeding to render such judgment as in our opinion should have been given below, it is further ordered and decreed, that the injunction be rendered perpetual ; that the plaintiff recover of the defendant, Thomas J. Robbins, one hundred dollars, and of the defendant, Bradford, five hundred dollars, with costs in the District Court, and that the plaintiff and appellee pay the costs of the appeal.